# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-22401-BLOOM/Otazo-Reyes

BROOKE A. FERENCHAK,

     Plaintiff,

v.

SAM ALEXANDRE ZORMATI,

     Defendant.

_____/

## <u>ORDER ON MOTION TO DISMISS</u>

**THIS CAUSE** is before the Court upon Defendant Sam Alexandre Zormati's ("Defendant") Motion to Dismiss and Incorporated Memorandum of Law, ECF No. [10] ("Motion"). Plaintiff Brooke A. Ferenchak ("Plaintiff") filed a Response in Opposition, ECF No. [21] ("Response"), to which Defendant filed a Reply, ECF No. [25] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

## I.    BACKGROUND

On December 3, 2020, Plaintiff initiated her action against Defendant in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *See* ECF No. [1-1]. The Complaint asserts four counts against Defendant: breach of contract ("Count I"); breach of fiduciary duty ("Count II"); unjust enrichment ("Count III"); and fraud in the inducement ("Count IV"). *See id.* On July 1, 2021, Defendant timely removed the case to federal court pursuant to the Court's diversity jurisdiction. *See* ECF No. [1].

According to the Complaint, Plaintiff is an attorney practicing law in Miami. ECF No. [1-1] ¶ 3. Defendant is a French national doing business in Miami. *Id.* ¶ 4. On or about March 6, 2017, Plaintiff entered into an agreement with Defendant for Plaintiff to provide legal and business consulting services for Defendant's business ventures in consideration for a two percent interest in a project financing corporation ("Agreement"). *See id.* ¶¶ 5, 7. Between May 2014 and July 2020, Plaintiff provided legal and business consulting services to Defendant and fully performed her obligations pursuant to the Agreement. *See id.* ¶¶ 5, 12. Defendant, however, failed to pay the full amount of Plaintiff's invoices, which gave rise to the lawsuit. *See id.* ¶ 14.

On August 9, 2021, Defendant filed his Motion to Dismiss Plaintiff's Complaint. ECF No. [10]. Defendant contends that the Complaint should be dismissed because (1) the Court lacks personal jurisdiction over Defendant; (2) service of process was improper; (3) the doctrine of *forum non conveniens* mandates dismissal; and (4) Counts II and IV fail to state a claim for which relief can be granted. *See generally id.* Plaintiff responds that the Complaint should not be dismissed because (1) the Court has personal jurisdiction over Defendant; (2) service of process was proper; (3) the doctrine of *forum non conveniens* does not mandate dismissal; and (4) Counts II and IV state a claim for which relief can be granted. *See generally* ECF No. [21].

## I.     LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. If the facts satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *Id.* at 556.

"A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). "Once the plaintiff pleads sufficient material facts to form a basis for *in personam* jurisdiction, the burden shifts to the defendant to challenge plaintiff's allegations by affidavits or other pleadings." *Carmouche v. Carnival Corp.*, 36 F. Supp. 3d 1335, 1388 (S.D. Fla. 2014), *aff'd sub nom. Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201 (11th Cir. 2015). A defendant challenging personal jurisdiction must present evidence to counter the plaintiff's allegations. *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009).

"Where . . . the Defendant submits affidavit(s) to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002); *see also Internet Sols. Corp.*, 557 F.3d at 1295; *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). If the defendant makes a sufficient showing of the inapplicability of the long-arm statute, "the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Polskie*

*Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 972 (11th Cir. 1986). Conclusory statements, "although presented in the form of factual declarations, are in substance legal conclusions that do not trigger a duty for Plaintiffs to respond with evidence of their own supporting jurisdiction." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999).

In addressing whether personal jurisdiction over a nonresident defendant exists, "[t]he district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)). Moreover, "where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff." *Id.*

Furthermore, a court must conduct a two-part inquiry when deciding the issue of personal jurisdiction. *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623 (11th Cir. 1996). First, the court must determine whether the applicable state statute governing personal jurisdiction is satisfied. *Sculptchair,* 94 F.3d at 626. Florida's long-arm statute recognizes two kinds of personal jurisdiction over a nonresident defendant: general jurisdiction and specific jurisdiction. *See* Fla. Stat. §§ 48.193(1)–(2); *see also easyGroup Ltd. v. Skyscanner, Inc.*, No. 20-20062-CIV, 2020 WL 5500695, at *6 (S.D. Fla. Sept. 11, 2020). The Eleventh Circuit has held that the reach of Florida's long-arm statute is a question of state law, and that federal courts must adhere to the statutory constructions offered by the Florida Supreme Court and Florida's District Courts of Appeal. *See Louis Vuitton Malletier, S.A.*, 736 F.3d at 1352. If the requirements of the long-arm statute are satisfied, under either general jurisdiction or specific jurisdiction, then the court must also consider the federal Due Process Clause. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1250-51 (11th Cir. 2000).

The court's analysis of the Due Process Clause depends on three factors: (1) defendant's purposeful availment of the forum state; (2) the cause of action arising out of the activities of which the defendant purposefully availed himself; and (3) reasonable foreseeability of the defendant being haled into court in the forum state. *See id.* (citing *Burger King,* 471 U.S. at 475). In addition, the court must determine whether exercising jurisdiction will comport with traditional notions of fair play and substantial justice, meaning the court must balance: "(a) the burden on the defendant; (b) the forum state's interest in adjudicating the dispute; (c) the plaintiff's interest in obtaining convenient and effective relief; (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (e) the shared interest of the several states in furthering fundamental substantial social policies." *Id.* at 1251 (citing *Burger King*, 471 U.S. at 466).

## II.   DISCUSSION

### A.  Waiver

As an initial matter, the Court addresses Plaintiff's argument that Defendant waived any challenge to personal jurisdiction when he removed the case to federal court. ECF No. [21] at 3-4. Plaintiff's argument is based on *Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613, 619 (2002). In *Lapides*, the defendant, the Georgia state university system, removed a case in state court to federal court. *See id.* at 616. Upon removal, the defendant claimed Eleventh Amendment immunity from suit in federal court. *See id.* The Supreme Court found that the defendant waived its right to claim immunity when the defendant removed the case to federal court because the defendant invoked the "Judicial power of the United States." *See id.* at 619. Plaintiff's contention is that, similar to the defendant in *Lapides*, Defendant sought the "Judicial power of the United States" when he removed the case, and that he cannot challenge the same power that he invoked. ECF No. [21] at 4.

The Court is not persuaded. The Supreme Court and several Courts of Appeals, including the Eleventh Circuit Court of Appeals, have established that defendants who remove cases to federal court do not waive their challenge to personal jurisdiction. *See, e.g.*, *Reynolds v. Behrman Capital IV L.P.*, 988 F.3d 1314, 1323 (11th Cir. 2021) (noting that defendants who remove cases do not waive their right to challenge personal jurisdiction) (citing *Freeman v. Bee Machine Co. Inc.*, 319 U.S. 448, 449-51 (1943)); *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 131-132 (3d Cir. 2020) ("Our sister circuits have long held that '[r]emoval, in itself, does not constitute a waiver of any right to object to lack of personal jurisdiction. . . . We now adopt this rule.") (internal citations omitted); *Nationwide Eng'g & Control Sys., Inc. v. Thomas,* 837 F.2d 345, 347-48 (8th Cir. 1988) ("Removal, in and of itself, does not constitute a waiver of any right to object to lack of personal jurisdiction. . . ."). Furthermore, as Defendant rightly argues, *Lapides* is distinguishable because the Supreme Court was not considering a challenge to personal jurisdiction but a state's right to claim sovereign immunity under the Eleventh Amendment. *See* 535 U.S. at 619; ECF No. [25] at 6, n.1. A state's waiver of Eleventh Amendment immunity is materially different from an individual's waiver of personal jurisdiction.[1] Accordingly, Defendant did not waive his challenge to personal jurisdiction by removing the case to federal court.

### B. *Prima Facie* **Case for Personal Jurisdiction**

Before the Court looks to the pleadings and affidavits on the issue of personal jurisdiction, the Court must address whether Plaintiff has made a *prima facie* case for personal jurisdiction in its Complaint and attached exhibits. *See Louis Vuitton Malletier, S.A.*, 736 F.3d at 1350 ("A

---

[1] Plaintiff also cites *Beckham v. National R.R. Passenger Corp.*, 569 F. Supp. 2d 542, 554 (D. Md. 2008). ECF No. [21] at 4. However, *Beckham* similarly involved a state entity's invocation of Eleventh Amendment immunity after a transfer of venue. *See* 569 F. Supp. 2d at 554. Therefore, *Beckham* is also inapposite to the instant Motion.

plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction.'") (quoting *United Techs. Corp.*, 556 F.3d at 1274).

Defendant argues that the Complaint fails to set forth the necessary allegations to make a *prima facie* case for the Court's personal jurisdiction over Defendant. ECF No. [10] at 11. However, as Plaintiff correctly argues, the Complaint alleges that Defendant is a French citizen doing business in Miami-Dade County, Florida. ECF No. [1-1] ¶ 4; *see also* ECF No. [21] at 5. The Complaint alleges that the Agreement was entered into in Miami-Dade County, Florida. ECF No. [1-1] ¶ 15.[2] The Complaint alleges that Defendant's omissions that gave rise to the lawsuit occurred in Miami-Dade County, Florida. *Id.* The face of the Agreement, included in the Complaint as an exhibit, provides a Miami Beach address. ECF No. [21-1] at 16.[3] Based on the allegations, it appears that the Parties entered into a contractual relationship centered in Miami. Therefore, after reviewing the factual allegations in the Complaint and the supporting exhibit, and construing all reasonable inferences in favor of Plaintiff, the Court determines that Plaintiff has set forth a *prima facie* claim for specific personal jurisdiction over Defendant for an alleged breach of contract centered in Miami.

Because Plaintiff made a *prima facie* case for personal jurisdiction, the Court now considers Defendant's pleadings and affidavits that challenge Plaintiff's contention that the Court has personal jurisdiction. *See Carmouche*, 36 F. Supp. 3d at 1388 ("Once the plaintiff pleads sufficient material facts to form a basis for *in personam* jurisdiction, the burden shifts to the

---

[2] As the Court notes below, this allegation is later contradicted by Plaintiff's own exhibit. ECF No. [21-2] at 11.

[3] The exhibits in the Complaint were not included when Defendant removed the case to federal court. As such, Plaintiff filed the Complaint along with the exhibits in its Response. ECF No. [21-1]. The exhibit to the Response, therefore, is a part of the Complaint and subject to the Court's review in determining whether Plaintiff made a *prima facie* case for personal jurisdiction.

defendant to challenge plaintiff's allegations by affidavits or other pleadings."). The Eleventh Circuit has established that a defendant challenging personal jurisdiction must present evidence to counter the plaintiff's allegations. *Internet Sols. Corp.*, 557 F.3d at 1295. "Where . . . the Defendant submits affidavit(s) to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier ex rel. Meier*, 288 F.3d at 1269; *see also Internet Sols. Corp.*, 557 F.3d at 1295; *Cable/Home Commc'n Corp.*, 902 F.2d at 855.

Defendant challenges both general and specific personal jurisdiction under Florida's long-arm statute. *See* Fla. Stat. §§ 48.193(1)–(2) (setting forth two types of personal jurisdiction); *see also easyGroup Ltd.*, 2020 WL 5500695, at *6. As such, the Court addresses each type of personal jurisdiction in turn.

### C.  General Jurisdiction

General jurisdiction arises from a nonresident defendant's contacts with the forum state that are unrelated to the cause of action being litigated. *See Consol. Dev. Corp. v. Sherritt, Inc.,* 216 F.3d 1286, 1292 (11th Cir. 2000). Under Florida's long-arm statute, courts may exercise general personal jurisdiction over any defendant "who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). Furthermore, the Eleventh Circuit has determined that the reach of general jurisdiction under Fla. Stat. § 48.193(2) "extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment." *Carmouche,* 789 F.3d at 1204 (quoting *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010)). As such, for the purposes of determining general jurisdiction, the general jurisdiction analysis and the Due Process analysis are one and the same, and the Court only needs to determine whether the exercise of general

jurisdiction over Defendant would exceed constitutional bounds. *See id.*; *easyGroup Ltd.*, 2020 WL 5500695, at *14.

Plaintiff argues that the Court has general jurisdiction over Defendant because Defendant ran multiple businesses from Florida, used the same Florida address for each business, and utilized the services of a Florida attorney to create the appearance of being an American. ECF No. [21] at 8. Plaintiff argues that such activities in Florida were substantial and not isolated, giving rise to this Court's general personal jurisdiction over Defendant. Plaintiff relies on *Caicedo v. Food for Life Experience, Inc.*, No. 1:13–cv–00258–GRJ, 2014 WL 2991090, at *7 (N.D. Fla. Jul. 2, 2014), in which the court listed examples of continuous and systemic contact that could establish general jurisdiction "such as owning property, running a business, or maintaining a bank account." ECF No. [21] at 8.

The Court is not persuaded for several reasons. First, as Defendant rightly argues, the Supreme Court has determined that "for an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG v. Bauman et al.*, 571 U.S. 117, 137 (2014) (citations omitted); ECF No. [25] at 7. "Beyond [being domiciled in the forum], the Supreme Court has provided two other instances in which the exercise of general jurisdiction over an individual is proper: where the individual consents to the forum's jurisdiction, and where the individual is present within the forum when served with process." *McCullough v. Royal Caribbean Cruises, Ltd.*, 268 F. Supp. 3d 1336, 1350 (S.D. Fla. 2017) (alteration added; citations omitted). It is well-established, therefore, that for individuals, general jurisdiction is limited to the individual's domicile. *See, e.g.*, *easyGroup Ltd.*, 2020 WL 5500695, at *14 (concluding that the court did not have general personal jurisdiction over an individual defendant because he was a citizen and resident of Colombia who was not served in and did not consent to jurisdiction in Florida); *Argos*

*Glob. Partner Servs., LLC v. Ciuchini*, 446 F. Supp. 3d 1073, 1086 (S.D. Fla. 2020) (concluding general personal jurisdiction over the defendant was lacking because he was a citizen of Brazil and Italy, was a resident of France, and was neither served in nor consented to jurisdiction in Florida); *Mar. Exec., LLC v. Larson Elecs., LLC*, No. 17-cv-60323, 2018 WL 2938376, at *3 (S.D. Fla. Jun. 11, 2018) (finding no general jurisdiction where the defendant was "a resident of Texas, [and] [ ] was not served in and did not consent to jurisdiction in Florida." (alterations added)); *Dohler S.A.*, 2017 WL 4621098, at *4 (stating general jurisdiction was improper because the defendants were "both residents of North Carolina, [and] were not served in and did not consent to jurisdiction in Florida." (alteration added)).

Here, it is undisputed that Defendant does not reside in Florida. Defendant's affidavit states that Defendant has been residing in Dubai, United Arab Emirates, since 2017. ECF No. [10-1] ¶ 2. Plaintiff describes her efforts to serve process in Dubai, not Florida. ECF No. [21] at 12-13. According to Plaintiff's exhibit, by the time Plaintiff first met Defendant in 2014, Defendant was not living in Miami. ECF No. [21-2] at 2. Plaintiff's exhibit only details how Defendant "had lived" in Miami. *Id.* Plaintiff's exhibit includes Miami eviction notices, but the notices date back to 2005 and 2006, well before the relevant events took place. ECF No. [21-2] at 29. As such, the eviction notices do not establish Defendant's domicile in Florida. Similarly, Defendant's businesses that share an address in Miami do not establish Defendant's domicile in Florida. *See id.* at 34-42. The address establishes the business entities' place of business, but not Defendant's domicile. In sum, Plaintiff has failed to allege that Defendant is domiciled in Florida. *See generally* ECF No. [21].

Furthermore, Plaintiff's reliance on *Caicedo* is unpersuasive as the facts in *Caicedo* involved a corporate defendant, rather than an individual defendant. Considering the weight of

legal precedent limiting general jurisdiction for individuals to their domicile, the examples of continuous and systemic contacts listed in *Caicedo* that could establish general jurisdiction, such as owning property, running a business, or maintaining a bank account, should be interpreted to apply to corporations, not individuals. 2014 WL 2991090, at *7. If Plaintiff's claims in this case were against Defendant's businesses rather than the Defendant individually, then whether Defendant's business entities owned property, conducted business operations, or maintained a bank account in Florida may have arguably conferred general jurisdiction over Defendant's corporations.[4] However, because Plaintiff's claims are against Defendant *individually*, *Caicedo* is inapposite.

Finally, Defendant did not consent to the Court's jurisdiction, and Defendant was not present in Florida when he was served with process. *See* ECF No. [10] at 12. As such, considering how courts have interpreted Fla. Stat. § 48.193(2) and have addressed Due Process considerations for individuals, the Court determines that it does not have general jurisdiction over Defendant.

### D.  Specific Jurisdiction

The Court now addresses Plaintiff's argument that the Court has specific jurisdiction over Defendant. "[S]pecific personal jurisdiction authorizes jurisdiction over causes of action arising from or related to the defendant's actions within Florida and concerns a nonresident defendant's contacts with Florida only as those contacts related to the plaintiff's cause of action." *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1352 (citing *Oldfield*, 558 F.3d at 1220 n.27). Florida's long-

---

[4] Even then, it should be noted that the Supreme Court stated in *Daimler*, which was decided in the same year as *Caicedo*, that "for a corporation, [the paradigm forum for the exercise of general jurisdiction] is an equivalent place [to an individual's domicile], one in which the corporation is fairly regarded as at home." 571 U.S. at 137. As such, owning property, running a business, or maintaining a bank account may not always suffice to create general jurisdiction over a corporate defendant.

arm statute, Fla. Stat. § 48.193(1), states in relevant part that the courts have specific personal

jurisdiction over defendants for any cause of action arising from any of the following acts:

> 1.  Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> 2.  Committing a tortious act within this state.
>
> . . .
>
> 7.  Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

Fla. Stat. § 48.193(1). Unlike general jurisdiction, upon finding the basis for specific jurisdiction,

the Court must conduct a "completely different analysis" of federal Due Process considerations.

*Future Tech. Today, Inc.*, 218 F.3d at 1250–51. As stated above, the Court must consider: (1)

Defendant's purposeful availment of the forum state; (2) the cause of action arising out of the

activities of which Defendant purposefully availed himself; and (3) reasonable foreseeability of

Defendant being haled into court in the forum state. *Id.* (citing *Burger King,* 471 U.S. at 475).

Furthermore, the Court must determine whether exercising jurisdiction will comport with

traditional notions of fair play and substantial justice. *Id.* at 1251 (citing *Burger King*, 471 U.S. at

466).

The Court first considers Plaintiff's argument that the Court has specific jurisdiction

pursuant to Fla. Stat. §§ 48.193(1)(A)(2), 48.193(1)(A)(7), which provide specific jurisdiction

when a defendant commits a tortious act within the state and when a defendant breaches a contract

by failing to perform acts required by the contract to be performed in the state. ECF No. [21] at 8.

Plaintiff's argument rests on the contention that by refusing to make payments to Plaintiff's Florida

bank account, Defendant committed a tortious act in Florida and failed to perform acts required by

the Agreement to be performed in Florida. *See id.* at 9. Defendant argues that the situs of Plaintiff's

bank account in Florida does not confer specific jurisdiction. ECF No. [25] at 9.

Plaintiff's argument is unavailing for several reasons. First, as Defendant correctly argues, courts have consistently determined that the place of payment does not confer specific jurisdiction under Florida's long-arm statute. *See Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 503 (Fla. 1989) (holding that the mere failure to pay money in Florida, standing alone, would not suffice to obtain jurisdiction over a nonresident defendant); *Omega IM Grp., LLC v. Louidar, LLC*, No. 17-22141-CIV, 2018 WL 1069446, at *13 (S.D. Fla. Feb. 16, 2018), *report and recommendation adopted*, No. 17-22141-CIV, 2018 WL 1875835 (S.D. Fla. Mar. 6, 2018); *LaVoie v. Artists Rts. Enf't Corp.*, No. 2:20-CV-756-JLB-NPM, 2021 WL 1688848, at *1 (M.D. Fla. Apr. 29, 2021), *appeal dismissed*, No. 21-11731-CC, 2021 WL 3556769 (11th Cir. Jul. 29, 2021); *Herman v. Sunset Com. Bank*, 481 So. 2d 98, 98 (Fla. 1st DCA 1986). In *Herman*, for instance, the court held that the defendant's failure to make a payment in Florida and consequent breach of contract did not create specific jurisdiction over the defendant. 481 So. 2d at 98. Consistent with the previous cases, the Court determines that Defendant's alleged failure to make payments to Plaintiff's bank account in Florida does not confer specific jurisdiction over Defendant.

Second, Plaintiff relies on *Int'l Univ. of Health Sciences Ltd., Inc. v. Abeles*, 299 So. 3d 405, 409 (Fla. 4th DCA 2020), to argue that the Court has specific jurisdiction based on the lack of payment. ECF No. [21] at 10. However, in *Int'l Univ. of Health Sciences Ltd., Inc.*, the parties negotiated the contract at issue in Florida, the contract implicated the defendant's operational activity in Florida, and the plaintiff's performance occurred primarily in Florida. 299 So. 3d at 409. The court concluded that it had specific jurisdiction because the contractual issues pertained to Florida. *See id.* In the instant case, the Agreement was made in Tunisia, not Florida. ECF No. [21-2] at 11. According to Plaintiff's exhibit, Plaintiff, Plaintiff's husband, and Defendant negotiated and eventually signed the Agreement in Defendant's office in Tunisia. *See id*. Because

Plaintiff's husband cannot travel to the United States after being removed for illegally entering the country, the negotiation necessarily could not have taken place in Florida. *See Brahim v. Holder*, No. 13-23275-CIV-COHN, 2014 WL 2918598, at *1 (S.D. Fla. Jun. 26, 2014). In addition, the Agreement did not concern Defendant's operational activity in Florida, but in Guinea and Chad. ECF No. [1-1] ¶ 6. Plaintiff's performance did not primarily occur in Florida since she only made her "permanent return to the United States in 2018[,]" well after Plaintiff began providing services for Defendant in 2014. ECF No. [21-2] at 12. Plaintiff also concedes that "no meetings took place in Florida." *See id.* at 11. As such, *Int'l Univ. of Health Sciences Ltd., Inc.* is distinguishable, and Defendant's alleged failure to pay Plaintiff's bank account in Florida, by itself, does not confer specific jurisdiction.

The Court also notes that Plaintiff's action in moving to Florida, after negotiating and signing the Agreement in Tunisia, was the only reason Defendant had any contact with Florida pertaining to the tortious act and breach of contract claims. As Plaintiff represents, Defendant may have had previous contacts with Florida, such as a child from a past marriage living in Miami, a U.S. passport, and a Florida driver's license, *see* ECF No. [21] at 5-6, but none of these past contacts pertain to Plaintiff's causes of action.[5] The Supreme Court has stated, "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). In this case, Plaintiff caused Defendant's contact with Florida that gave rise to Plaintiff's causes of action. As such, the Court does not have specific jurisdiction under Fla. Stat. §§ 48.193(1)(A)(2)

---

[5] The Court notes that an active Florida driver's license would be relevant to the Court's analysis of general jurisdiction. However, Plaintiff provides no record evidence of an active Florida driver's license. In her Response, Plaintiff refers to Exhibit B page 2 for further evidence of a Florida driver's license. ECF No. [21] at 6. However, Exhibit B page 2, which can be found in ECF No. [21-2] at 20, does not contain any references to Defendant's alleged Florida driver's license. Furthermore, based on undisputed facts about Defendant's lengthy residence outside of Florida, the Court concludes that even if Defendant had a Florida driver's license, it is no longer active and therefore not relevant to the Court's analysis of general jurisdiction.

and 48.193(1)(A)(7). Because the Court concludes that none of Defendant's pertinent contacts confer specific jurisdiction under Fla. Stat. §§ 48.193(1)(A)(2) and 48.193(1)(A)(7), the Court forgoes the Due Process analysis.

The Court next considers whether there are any grounds for specific jurisdiction under Fla. Stat. § 48.193(1)(A)(1), which provides specific jurisdiction when a defendant operates, conducts, engages in, or carries on a business or business venture in Florida and the business or business venture gives rise to the cause of action.[6] As noted above, Defendant has several corporations in Florida, which did not confer general jurisdiction over Defendant because Defendant's domicile was not Florida. *See* ECF No. [21] at 6. However, the Court recognizes the possibility that such businesses could confer specific jurisdiction over Defendant under Fla. Stat. § 48.193(1)(A)(1). For the purposes of specific jurisdiction, it is immaterial that Defendant does not reside in Florida as long as he availed himself to the forum by choosing to run businesses in Florida.

Plaintiff discusses ten business entities: (1) Miami Capital Holding Corp.; (2) K-Energie SA; (3) CCP, Inc.; (4) Mobile Power Systems; (5) PW Power Systems, Inc.; (6) Tel2Kash, Inc.; (7) GLOBCARD, Inc.; (8) Globe Kash USA, Inc.; (9) SoEnergy International, Inc.; and (10) Tactic Homes. *See* ECF Nos. [21-1] ¶ 57, at 28-46, 50; [21-2] at 2, 6, 27, 34-42; [21-4] at 3. However, the Court notes that, according to Plaintiff's exhibits, Miami Capital Holding Corp. is located in Dominica, *see* ECF No. [21-1] at 28-46; K-Energie SA is located in Guinea, *see* ECF No. [21-4] at 3; CCP, Inc. is located in Dominica, *see* ECF No. [21-1] at 50; Mobile Power Systems is located in Dubai, *see* ECF No. [21-1] ¶ 57; and PW Power Systems, Inc. is a Delaware corporation, *see*

---

[6] It should be noted that Plaintiff does not argue that the Court has specific jurisdiction under this clause of Florida's long-arm statute. ECF No. [21] at 8. Nonetheless, to be thorough, the Court considers the final plausible avenue for the Court's specific jurisdiction.

ECF No. [21-4] at 3. The first five entities, therefore, do not confer specific personal jurisdiction.[7] Next, Tel2Kash, Inc., GLOBCARD, Inc., Globe Kash USA, Inc. have addresses in Florida. ECF No. [21-2] at 34, 36, 41. However, Plaintiff's exhibits indicate that the three businesses were dissolved well before the incidents that gave rise to the Complaint. *See id*. As such, the businesses did not give rise to Plaintiff's causes of action. The remaining businesses are SoEnergy and Tactic Homes. By all indications, both businesses are still operational. *See* ECF No. [21-2] at 2, 6. However, the Complaint does not mention SoEnergy or Tactic Homes, and they are not the businesses that gave rise to Plaintiff's causes of action. *See generally* ECF No. [1-1]. As such, none of the businesses confer specific jurisdiction over Defendant.

Plaintiff also argues that Defendant sought her services so that he could be viewed as an "American" for the purposes of soliciting lucrative business contracts. ECF No. [21] at 8. Plaintiff argues that seeking her services – that is, the services of a Florida attorney – should be considered grounds for personal jurisdiction.[8] *See id.* However, Defendant contends and Plaintiff does not dispute that Defendant sought Plaintiff's services in *Tunisia*, not Florida. *See* ECF No. [10] at 8; *see generally* ECF No. [21]; *see also* ECF No. [21-2] at 13. Plaintiff provided legal services while residing in Tunisia, albeit under the umbrella of a Florida law firm. ECF No. [21-2] at 13. Plaintiff does not dispute that the services Plaintiff provided did not entail Florida law. *See generally* ECF No. [21]; *see also* ECF No. [10] at 7. As such, the Court cannot interpret Fla. Stat. § 48.193(1)(A)(1) ("operating, conducting, engaging in, or carrying on a business or business

---

[7] Plaintiff indicates that the Court should consider the fact that Miami Capital Holding Corporation contains the word "Miami" in its name. *See* ECF Nos. [21] at 11; [21-2] at 11-12. The Court does not consider the name of a corporation to be material to its analysis.

[8] Plaintiff argues that seeking the services of a Florida attorney is grounds for general jurisdiction. *See* ECF No. [21] at 8. As stated above, however, general jurisdiction hinges on Defendant's domicile. To be thorough, the Court considers whether seeking the services of a Florida attorney could be grounds for specific jurisdiction.

venture in this state or having an office or agency in this state") to encompass Defendant's conduct in seeking the services of Florida attorney outside the state of Florida, on matters pertaining to business activities outside the state of Florida, that do not require an application of Florida law. The Court finds *De Metra Hontzas v. Kaufman, Rossin & Co.,* 513 So. 2d 745, 746 (Fla. 3d DCA 1987) to be instructive. In *De Metra Hontzas*, the court held that it did not have personal jurisdiction over nonresidents who sought services of a Florida accounting firm on matters outside the state of Florida. *See id.* The Court arrives at the same conclusion in this case involving a nonresident Defendant who sought the services of a Florida lawyer on matters outside the state of Florida. Because there are no grounds for specific jurisdiction under Fla. Stat. § 48.193(1)(A)(1), the Court once again foregoes the Due Process analysis.

Lastly, the Court notes that Defendant's other contacts with Florida are irrelevant to the Court's analysis of specific jurisdiction as they do not implicate Florida's long-arm statute. *See* Fla. Stat. § 48.193(1)(A). As indicated above, Plaintiff notes that Defendant has a child from a past marriage living in Miami, that Defendant has a U.S. passport, and that Defendant has a Florida driver's license. *See* ECF No. [21] at 5-6. Such allegations do not confer specific jurisdiction because they do not implicate any clause in Florida's long-arm statute regarding specific jurisdiction nor do they give rise to Plaintiff's cause of action.[9] *See* Fla. Stat. § 48.193(1)(A).

Given that the Court finds that there are no grounds for personal jurisdiction, the Court is powerless to continue. *See United Techs. Corp.*, 556 F.3d at 1274 (holding that "[a] court without personal jurisdiction is powerless to take further action"). Therefore, the Court declines consideration of Defendant's other grounds for dismissal.

---

[9] As indicated above, these other contacts do not establish general jurisdiction since general jurisdiction depends on an individual's domicile. It is undisputed that Defendant is not domiciled in Florida. *See* ECF Nos. [10-1] ¶ 2; [21] at 12-13.

Case No. 21-cv-22401-BLOOM/Otazo-Reyes

### III.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant's Motion, **ECF No. [10]**, is **GRANTED**.

2.  Defendant's Motion to Stay Discovery, **ECF No. [17]**, is **DENIED AS MOOT**.

3.  Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

4.  To the extent not otherwise disposed of, any other pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

5.  The Clerk of Court is directed to **CLOSE** the above-styled case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 15, 2021.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record